UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

| | |
|---|---|
| CARPENTERS HEALTH AND SECURITY TRUST OF WESTERN WASHINGTON; CARPENTERS RETIREMENT TRUST OF WESTERN WASHINGTON; CARPENTERS-EMPLOYERS VACATION TRUST OF WESTERN WASHINGTON; and CARPENTERS-EMPLOYERS APPRENTICESHIP AND TRAINING TRUST OF WESTERN WASHINGTON, <br><br>Plaintiffs, <br>v. <br><br>NORTHWEST INTERIOR SPECIALTIES, LLC, and YESENIA ROJAS SANCHEZ, <br><br>Defendants. | CASE NO. 3:16-cv-05166-RJB <br><br>ORDER GRANTING CARPENTERS TRUSTS' MOTION FOR SUMMARY JUDGMENT AGAINST DEFENDANT NORTHWEST INTERIOR SPECIALITIES, LLC |

THIS MATTER comes before the Court on the plaintiffs' Motion for Summary Judgment. Dkt. 35. The plaintiffs, collectively known as the Carpenters Trusts of Western Washington, seek entry of summary judgment against Defendant Northwest Interior Specialties,

ORDER GRANTING CARPENTERS TRUSTS' MOTION FOR SUMMARY JUDGMENT AGAINST DEFENDANT NORTHWEST INTERIOR SPECIALITIES, LLC - 1

1  LLC (NIS)[1], which has not opposed the motion. The Court has considered the motion and the

2  remainder of the file herein.

3  FACTS

4  The following facts are supported by the record and not disputed by any party.

5  The Carpenters Trusts seek damages against Defendant NIS for fringe benefit

6  contributions reported, but not remitted, to the Carpenters Trusts. Defendant NIS entered into a

7  contract, the Project Agreement (Dkt. 36 at 6-8), for construction renovations of a public school.

8  Under the terms of the Project Agreement, Defendant NIS agreed to promptly pay wages and

9  fringe benefits and to subject itself to "the applicable Trust Agreements . . . identified in the

10  designated Labor Agreement." The Project Agreement designates the NW Wall and Ceiling

11  Master Labor Agreement (Dkt. 36 at 10-39) as applicable. The Master Labor Agreement requires

12  employers to make contributions to the Carpenters Trusts according to a particular schedule, or

13  else face specified penalties of liquidated damages, interest, and fees. Dkt. 36 at 32-34. Interest

14  on delinquent contributions is owed at a rate of not less than 12%. Dkt. 36 at 49.

15  Counsel for the Carpenters Trusts represents that, according to Carpenters Trusts'

16  administrative records, there is no record of Defendant NIS reporting and paying fringe benefit

17  contributions owed for the period of July 2015 to December 2015. Dkt. 36 at 1, 2. Carpenters

18  Trusts calculates the amount owed by Defendant NIS to total $94,482.06, broken down as

19  follows: contributions ($73,963.61), liquidated damages ($10,632.02), and interest ($9,886.43).

20  Dkt. 36 at 153.

21  SUMMARY JUDGMENT STANDARD

22  Summary judgment is proper only if the pleadings, discovery, affidavits, and any other

23

24  [1] Plaintiffs withdrew a request for entry of summary judgment against Defendant Yesenia Rojas Sanchez. Dkt. 38.

ORDER GRANTING CARPENTERS TRUSTS' MOTION FOR SUMMARY JUDGMENT AGAINST
DEFENDANT NORTHWEST INTERIOR SPECIALITIES, LLC - 2

materials on file show that there is no genuine issue as to any material fact. Fed. R. Civ. P. 56(c). The moving party is entitled to judgment as a matter of law when the nonmoving party fails to make a sufficient showing on an essential element of a claim in the case on which the nonmoving party has the burden of proof. *Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1985). There is no genuine issue of fact for trial where the record, taken as a whole, could not lead a rational trier of fact to find for the nonmoving party. *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 586 (1986)(nonmoving party must present specific, significant probative evidence, not simply "some metaphysical doubt."). *See also* Fed. R. Civ. P. 56(e).

The determination of the existence of a material fact is often a close question. The court must consider the substantive evidentiary burden that the nonmoving party must meet at trial – e.g., a preponderance of the evidence in most civil cases. *Anderson v. Liberty Lobby, Inc.*, 477 .S. 242, 253 (1986); *T.W. Elec. Service Inc. v. Pacific Electrical Contractors Association*, 809 F.2d 626, 630 (9th Cir. 1987). The court must resolve any factual issues of controversy in favor of the nonmoving party only when the facts specifically attested by that party contradict facts specifically attested by the moving party. The nonmoving party may not merely state that it will discredit the moving party's evidence at trial, in the hopes that evidence can be developed at trial to support the claim. *T.W. Elect. Service Inc.*, 809 F.2d at 630 (relying on *Anderson, supra*). Conclusory, non-specific statements in affidavits are not sufficient, and "missing facts" will not be "presumed." *Lujan v. National Wildlife Federation*, 497 U.S. 871, 888-89 (1990).

## DISCUSSION

Among other provisions of the Employee Retirement Income Security Act (ERISA), 29 U.S.C. §1145 requires "[e]very employer who is obligated to make contributions to a

1  multiemployer plan under the terms of the plan or . . . a collectively bargained agreement . . . [to]

2  make such contributions in accordance with the terms and conditions of such plan or agreement."

3  ERISA allows fiduciaries of these plans or agreements to enforce §1145 to obtain awards for

4  unpaid contributions, interest, liquidated damages, attorney's fees, and "such other legal or

5  equitable relief as the court deems appropriate." 29 U.S.C. §1132(a), (g).

6       Applying the facts to ERISA §1145, summary judgment in favor of the Carpenters Trusts

7  is warranted. The record supports findings that (1) the Project Agreement, which incorporated

8  the Master Labor Agreement, required Defendant NIS to remit fringe benefit contributions to the

9  Carpenters Trusts; (2) Defendant NIS failed to do so from July 2015 through December 2015;

10 and (3) the Carpenters Trusts owe to Defendant NIS fringe benefit contributions of $73,963.61,

11 plus liquidated damages of $10,632.02 and interest of $9,886.43. Defendant NIS does not

12 challenge the record, including the fact that Defendant NIS owes the Carpenters Trusts for the

13 unremitted contributions. There are no issues of material fact. Therefore, the Carpenters Trusts'

14 motion for summary judgment of dismissal should be granted.

15      The Carpenters Trusts do not seek an award of attorney's fees and costs, so the Court

16 does not reach that issue.

17                                       * * *

18      THEREFORE, it is HEREBY ORDERED that the plaintiffs Carpenters Trusts' Motion

19 for Summary Judgment (Dkt. 35) is GRANTED.

20      Defendant Northwest Interior Specialties, LLC ARE LIABLE to the Carpenters Trusts

21 under the terms of the Project Agreement and Master Labor Agreement as follows:

22        ▪ Fringe benefit contributions: $73,963.61;

23        ▪ Liquidating damages: $10,632.02; and

24

ORDER GRANTING CARPENTERS TRUSTS' MOTION FOR SUMMARY JUDGMENT AGAINST
DEFENDANT NORTHWEST INTERIOR SPECIALTIES, LLC - 4

1   - Interest: $9,886.43, accrued through March 24, 2017; accrued thereafter at a rate of 12% per annum until paid in full, as allowed under 29 U.S.C. §1132(g);

- Attorney's fees: reserved.

The Clerk of Court shall not enter judgment against Defendant Northwest Specialties, LLC without further leave of the court.

IT IS SO ORDERED.

The Clerk is directed to send uncertified copies of this Order to all counsel of record, to any party appearing pro se at said party's last known address, and to the Honorable Brian D. Lynch, U.S. Bankruptcy Judge (Cause No. 16-bk-44683-BDL).

Dated this 29th day of March, 2017. .

*[signature]*

ROBERT J. BRYAN
United States District Judge

ORDER GRANTING CARPENTERS TRUSTS' MOTION FOR SUMMARY JUDGMENT AGAINST DEFENDANT NORTHWEST INTERIOR SPECIALITIES, LLC - 5